```
            FILED
   CLERK, U.S. DISTRICT COURT

       1/21/2021

  CENTRAL DISTRICT OF CALIFORNIA
  BY: _____JB_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No.  2:21-cr-00014-DSF |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [21 U.S.C. § 846: Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine and MDMA; 18 U.S.C. § 1956(h): Conspiracy to Launder Monetary Instruments; 18 U.S.C. § 1956(a)(1)(B)(i): Attempting to Launder Monetary Instruments] |
| HENRIK KIRAKOSIAN, aka "Hendo" and "Smiley," | |
| Defendant. | |

The Acting United States Attorney charges:

COUNT ONE

[21 U.S.C. § 846]

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown and continuing until on or about June 18, 2020, in Los Angeles County, within the Central District of California, defendant HENRIK KIRAKOSIAN, also known as "Hendo" and "Smiley," conspired with others known and unknown to the Acting United States Attorney to knowingly and intentionally distribute and possess with intent to distribute:

1          1.   at least 50 grams of methamphetamine, a Schedule II

2     controlled substance, in violation of Title 21, United States Code,

3     Sections 841(a)(1), (b)(1)(A)(viii); and

4          2.   3,4-methylenedioxymethamphetamine ("MDMA"), a Schedule I

5     controlled substance, in violation of Title 21, United States Code,

6     Sections 841(a)(1), (b)(1)(C).

7     B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE

8          ACCOMPLISHED

9          The objects of the conspiracy were to be accomplished, in

10    substance, as follows:

11         1.   Co-conspirators, including Rane Melkom, Teresa McGrath, and

12    Mark Chavez, would obtain drugs, including methamphetamine and MDMA,

13    from sources of supply.

14         2.   Co-conspirators Melkom and McGrath would store and package

15    drugs, including methamphetamine and MDMA, to be distributed to

16    customers who purchased those drugs on the dark web, at a residence

17    in Sunland-Tujunga, California (the "Scoville Residence").

18         3.   Defendant KIRAKOSIAN would assist co-conspirators Melkom,

19    Chavez, McGrath, and others with the packaging of drugs, including

20    methamphetamine and MDMA, at the Scoville Residence for distribution

21    by U.S. mail to customers who ordered those drugs on the dark web.

22         4.   Co-conspirator McGrath would purchase money orders from

23    U.S. post offices to pay other co-conspirators, including defendant

24    KIRAKOSIAN, for assisting with the packaging of drugs at the Scoville

25    Residence.

26         5.   Co-conspirators, including McGrath, would mail parcels

27    containing drugs, including methamphetamine and MDMA, by U.S. mail to

28    customers who ordered those drugs on the dark web.

6.    Co-conspirator 1 ("CC-1") would receive Bitcoin in exchange for the drugs sold on the dark web and distribute those proceeds to co-conspirators, including Melkom.

7.    Defendant KIRAKOSIAN, co-conspirator Melkom, and others would arrange and attempt to arrange to obtain proceeds from the sale of drugs on the dark web, in the form of digital currency, from CC-1.

C.    OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, on or about the following dates, defendant KIRAKOSIAN, and others known and unknown to the Acting United States Attorney, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, the following:

1.    On August 8, 2019, co-conspirator McGrath, using a debit card in the name of F.G., purchased a money order in the amount of $1,000 from the U.S. Post Office in Tujunga, California, for payment to defendant KIRAKOSIAN for his assistance with the packaging of drugs, including methamphetamine and MDMA, for distribution by U.S. mail to customers who ordered those drugs on the dark web.

2.    On September 11, 2019, defendant KIRAKOSIAN negotiated the $1,000 money order received from co-conspirator McGrath.

3.    On February 3, 2020, at the Scoville Residence, defendant KIRAKOSIAN assisted co-conspirators Melkom and Chavez load packages containing drugs into a vehicle for transportation for shipment by U.S. mail to customers who ordered those drugs on the dark web.

4.    On February 4, 2020, at the Scoville Residence, defendant KIRAKOSIAN and co-conspirator Melkom prepared packages containing

drugs intended for shipment by U.S. mail to customers who ordered those drugs on the dark web.

5.   On February 5, 2020, defendant KIRAKOSIAN assisted co-conspirators, including Melkom and Chavez, in tracking a lost package expected to contain proceeds from the sale of drugs on the dark web.

6.   On February 8, 2020, defendant KIRAKOSIAN and co-conspirator Melkom prepared and packaged drugs for shipment by U.S. mail to customers who ordered those drugs on the dark web.

7.   On February 11, 2020, at the Scoville Residence, co-conspirators Melkom and McGrath possessed with intent to distribute approximately 22.183 kilograms of methamphetamine and 6.701 kilograms of MDMA, including packaged drugs ready for distribution by U.S. mail, and a debit card in the name of F.G.

8.   On February 15, 2020, using coded language in a telephone conversation, defendant KIRAKOSIAN discussed and agreed with co-conspirator Melkom to attempt to locate and contact CC-1 to obtain proceeds from the sale of drugs on the dark web in the possession of CC-1.

9.   On February 17, 2020, defendant KIRAKOSIAN attempted to access proceeds from the sale of drugs on the dark web held in digital currency accounts to prevent law enforcement identification of the accounts and seizure of the proceeds.

10.   On June 13, 2020, using coded language in a series of text messages, defendant KIRAKOSIAN contacted by electronic message an electronic communications account of CC-1, which was, in fact, an account controlled by law enforcement, to obtain proceeds from the sale of drugs on the dark web in the possession of CC-1, on behalf of co-conspirator Melkom.

11.   On June 13, 2020, using coded language in a series of text messages, defendant KIRAKOSIAN attempted to explain to CC-1 by electronic messages to an electronic communications account of CC-1, which was, in fact, an account controlled by law enforcement, how he would receive and launder proceeds from the sale of drugs on the dark web in the possession of CC-1, on behalf of co-conspirator Melkom.

COUNT TWO

[18 U.S.C. § 1956(h)]

A.   OBJECT OF THE CONSPIRACY

Beginning on or after February 11, 2020, and continuing until on or about June 18, 2020, in Los Angeles County, within the Central District of California, defendant HENRIK KIRAKOSIAN, also known as "Hendo" and "Smiley," conspired with others known and unknown to the Acting United States Attorney to knowingly conduct financial transactions knowing that the property involved in the financial transactions knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, which, in fact, involved the proceeds of specific unlawful activity, namely, conspiracy to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

B.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE
     ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   Co-conspirators, including Rane Melkom and another co-conspirator ("CC-1"), would collect and possess digital currency received as proceeds from the sale of drugs on the dark web.

2.   After co-conspirator Melkom was incarcerated, defendant KIRAKOSIAN would attempt to access digital currency accounts containing the proceeds from the sale of drugs on the dark web on behalf of Melkom.

3.     After co-conspirator Melkom was incarcerated, defendant KIRAKOSIAN would arrange and attempt to arrange to obtain proceeds from the sale of drugs on the dark web, in the form of digital currency, in the possession of CC-1, on behalf of Melkom.

4.     Defendant KIRAKOSIAN and other co-conspirators would exchange digital currency into fiat currency to be used for their own use and the use of other co-conspirators, including co-conspirator Melkom.

C.     OVERT ACTS

In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendant KIRAKOSIAN, and others known and unknown to the Acting United States Attorney, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, Overt Acts 8 through 11, as set forth in Count One, which are re-alleged and incorporated here.

COUNT THREE

[18 U.S.C. §§ 1956(a)(1)(B)(i), 2(a)]

On or about June 13, 2020, in Los Angeles County, within the Central District of California, defendant HENRIK KIRAKOSIAN, also known as "Hendo" and "Smiley," knowingly attempted to conduct a financial transaction, namely, the transfer of approximately $1,000,000 in virtual currency representing drug proceeds, affecting interstate commerce, knowing that the property involved represented the proceeds of some form of unlawful activity, and which transaction, in fact, involved proceeds of specified unlawful activity, that is, conspiracy to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846.

TRACY L. WILKISON
Acting United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

CAROL A. CHEN
Assistant United States Attorney
Chief, International Narcotics,
  Money Laundering, and
  Racketeering Section

PUNEET V. KAKKAR
KEITH D. ELLISON
Assistant United States Attorneys
International Narcotics, Money
  Laundering, and Racketeering
  Section